V., Sʀ., Appellant. [701 NYS2d 417] —Order of disposition, Family Court, Bronx County (Marjory Fields, J.), entered on or about September 12, 1995, which terminated appellant's parental rights to the subject children upon a finding of mental retardation, and committed guardianship and custody of the children to petitioner agency and the Commissioner of Administration of Family Services, unanimously affirmed, without costs.

The uncontroverted testimony of the court-appointed psychologist provided clear and convincing evidence that appellant suffered from mental retardation and that he is presently and for the foreseeable future unable, by reason of such condition, to care adequately for the children. Given the record that establishes appellant's present and future inability to adequately care for the children, a dispositional hearing was not necessary in order to find that termination of appellant's parental rights was in the best interests of the children (*Matter of Joyce T.*, 65 NY2d 39). Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.

█ Tʜᴇ Pᴇᴏᴘʟᴇ ᴏꜰ ᴛʜᴇ Sᴛᴀᴛᴇ ᴏꜰ Nᴇᴡ Yᴏʀᴋ, Respondent, v Cʜʀɪsᴛᴏᴘʜᴇʀ Sᴄʜᴏʀᴇᴀ, Appellant. [700 NYS2d 825] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered October 7, 1996, convicting defendant, after a jury trial, of two counts of robbery in the first degree, and sentencing him to concurrent terms of 6 to 18 years, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility and identification.

We perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.

█ Rᴀᴄʜᴍᴀɴɪ Cᴏʀᴘᴏʀᴀᴛɪᴏɴ et al., Appellants-Respondents, v Rᴀɴᴅᴀʟʟ T. Sɪᴍs, Respondent-Appellant. [701 NYS2d 422] —Judgment, Supreme Court, New York County (Julius Birnbaum, Spec. Ref.), entered May 24, 1999, which, in this proceeding to fix attorneys' fees, awarded respondent attorney a $300,000 charging lien fee, pre-judgment interest in the amount of $65,003.42, and costs and disbursements in the amount of $4,815.50, unanimously modified, on the law, to award respondent interest on the sum of $149,500 from July 1, 1992, and otherwise affirmed, without costs. Appeal from order, same court and Special Referee, entered May 24, 1999, which authorized the clerk to include respondent's share of the charge for obtaining transcripts as an element of costs and disbursements in the aforecited judgment, unanimously